UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61635-CIV-MARRA

LARRY PASKO,

    Plaintiff,

vs.

TOWN OF DAVIE,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant Town of Davie's Motion to Dismiss (DE 6). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

**I. Background[1]**

This matter arises out alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Through his Complaint (DE 1), Plaintiff asserts that he was discriminated against on the basis of sex. Complaint at pp. 8-9. Specifically, Plaintiff claims that he was subjected to discrimination when the Town of Davie chose to hire an unqualified female employee instead of him for the position of Fire Safety Inspector. Plaintiff alleges that the Town of Davie hired the unqualified female in order to avoid a future gender discrimination suit by a recently terminated employee. Complaint at ¶ 14. In support of his Complaint, Plaintiff attached an excerpt from the Collective Bargaining Agreement between the Town of Davie and

---

[1] The facts are taken from Plaintiff's Complaint and are assumed true for the purposes of Defendant's Motion to Dismiss.

the Davie Professional Firefighters Locale 2315 AFL-CIO ("CBA") to establish the qualifications for the position. DE 1-3. The relevant provision, attached to the Complaint, provides:

> To be eligible for the position of Fire Safety Inspector I (FSI1), the employee must meet the following requirements;
> 1. Must currently be employed in the Davie Fire Rescue Department for three (3) years and be an employee in good standings. In determining a employee in good standing the Fire Chief shall taking [sic] into account such factors as employment, attendance, and disciplinary history; job performance; supervisory input; education; and other job related factors. In the event where no internal candidates are available that meet the above criteria, the Fire Chief reserves to [sic] right to hire from outside the department.
> 2. In the event where there are more than one candidate [sic] applying for the position the Fire Chief shall choose the most qualified person taking into account such factors as employment, attendance, and disciplinary history; job performance; supervisory input; education; and other job related factors.
> 3. Possess and maintain a State of Florida Firefighter Certification.
> 4. Possess and maintain a State of Florida Fire Inspector Certification.
> 5. Possess and maintain a Broward County Fire Inspector Certification.
> 6. Possess and maintain a Florida Drivers License; and
> 7. Possess an Emergency Vehicle Operator Course (EVOC) certification.

DE 1-3. Plaintiff alleges that the woman hired for the position in question lacked certain certifications required by the CBA. Complaint at ¶ 26. The complaint seeks injunctive and compensatory relief as a result of the alleged discrimination. Complaint at p. 10.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must

be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Discussion

To establish a prima facie case of gender discrimination in a failure-to-hire case, the plaintiff must show: (1) he is a member of a protected class, (2) he was qualified for a position and applied for it, (3) he was not considered for the position despite his qualifications, and (4) equally or less qualified individuals outside of his protected class were considered or hired for the position. Underwood v. Perry County Comm'n, 431 F.3d 788, 794 (11th Cir. 2005). Here, Defendant asserts that Plaintiff has failed to adequately plead the second and fourth prong.

First, Defendant claims that Plaintiff was not qualified for the job in question because he was not currently employed in the Davie Fire Rescue Department. Hence, Defendant asserts Plaintiff failed to meet the first requirement for the position of Fire Safety Inspector I as defined in the CBA. Defendant also asserts that Plaintiff has not adequately pled that the hired female candidate was "equally or less qualified" than he was.

> According to the CBA, the position of Fire Safety Inspector I requires that a candidate:
>
> Must currently be employed in the Davie Fire Rescue Department for three (3) years and be an employee in good standings. In determining a employee in good standing the Fire Chief shall taking [sic] into account such factors as employment, attendance, and disciplinary history; job performance; supervisory input; education; and other job related factors. In the event where no internal candidates are available that meet the above criteria, the Fire Chief reserves to [sic] right to hire from outside the department.

DE 1-3. Contrary to Defendant's assertion, the CBA does not <u>require</u> that a candidate currently be employed with the Davie Fire Rescue Department in order to be hired. At the very least, Defendant can hire an external candidate if there are no internal candidates. Implicit in this provision is the requirement that the candidate be qualified for the position. Plaintiff has alleged that Defendant hired an unqualified candidate based on her sex. In the absence of a qualified internal candidate, Plaintiff was eligible to be hired. Because Plaintiff has alleged Defendant hired an unqualified person based on her sex, and he has alleged he was qualified for the position, Plaintiff has stated a valid cause of action.

## IV.  Conclusion

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 6) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of May, 2012.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record